Chbist, J. (dissenting).
The prosecution of appellant arose out of the investigation by the District Attorney of New York County into corruption among officials of the State Liquor Authority. An alleged bribery of Martin Epstein, the Chairman of the Authority, to obtain a restaurant liquor license for the Playboy Clubs International underlies the conviction. Appellant was not an official of the Authority at the time of the commission of the crimes, but he was Chairman of the New York State Republican party.
After this case was decided by the Appellate Division and before it reached us, the United States Supreme Court handed down its decision in Berger v. New York (388 U. S. 41). That decision declared that section 813-a of the New York Code of Criminal Procedure violates the Fourth and Fourteenth Amendments of the United States Constitution and is void. The court also ruled that eavesdrop evidence obtained under orders, made pursuant to that statute, is inadmissible upon a trial in a criminal case. I believe that the Berger determination mandates a reversal of the conviction of the appellant.
It is true that in the case now before us no tapes of intercepted conversations were in evidence, nor was appellant’s voice ever recorded under the Neyer and Steinman eavesdrop orders. However, a stipulation was put on the record at the opening of the trial that “ the identities of the People’s witnesses, to wit, Ralph Berger and certain officials of Playboy Clubs International, Inc. were established through leads obtained from electronic eavesdropping pursuant to State court * * * orders based upon probable cause in the offices of Harry Neyer, Esq. * * * and Harry Steinman ”. At the beginning of the trial, appellant’s counsel objected to the testimony of these witnesses referred to in this stipulation upon the ground that such testimony in its entirety would be the fruit of an illegal search and seizure and this position has been maintained upon the several appeals taken by the appellant.
In weighing the significance of this, it is highly important to note that the very statute and the very Neyer and Steinman *83 eavesdrop orders declared to "be unconstitutionally void in the Berger case are the same statute and the same orders which produced Ralph Berger and the Playboy officials as witnesses on the People’s behalf in this case.
At the very least, unless appellant is shown to have had knowledge that Martin Epstein was paid money in connection with Playboy’s license application, he cannot be convicted of aiding and abetting in the bribery or taking of an unlawful fee. The only proof of such knowledge is given by the accomplice witnesses who fall within the eavesdropping stipulation. Thus, if the testimony of such witnesses is barred, the case against appellant must fall. It is manifest that the testimony would have been unavailable without the eavesdrops, effectuated under the illegal orders. The evidence given by these witnesses is fatally tainted as the fruits of an illegal search (People v. Grossman, 20 N Y 2d 346; People v. Rodriguez, 11 N Y 2d 279).
The People contend that since the appellant was not present and did not participate in the intercepted conversations and that he had no right or interest in the “ bugged ” premises, he has no standing to complain about the use of these accomplice witnesses.
The United States Supreme Court has already answered this attack in Berger where the District Attorney vigorously challenged Ralph Berger’s standing to attack the statute and the underlying eavesdrop orders. Justice Clark wrote this for the majority: “ Since petitioner [Berger] clearly has standing to challenge the statute, being indisputably affected by it, we need not consider either the sufficiency of the affidavits upon which the eavesdrop orders were based, or the standing of petitioner to attack the search and seizure made thereunder ” (388 U. S. 41, 55, supra).
I am aware of cases which hold that standing is lacking unless the challenge to an illegal search and seizure or illegal eavesdrop or wiretap is made by one whose personal privacy has been violated in some way (see Jones v. United States, 362 U. S. 257; United States v. Mancusi, 379 F. 2d 897, and cases cited therein). But the elastic concept of standing has been undergoing some change even in this court. In People v. McDonnell (18 N Y 2d 509) a defendant had enlisted two people to use their telephone as an answering service for his book-making operation. The *84 telephone was not listed in defendant’s name, was not located in premises owned or leased by him and, so far as the proofs showed, his own voice was not intercepted pursuant to the eavesdrop order. Yet, this court held (p. 510) that defendant had standing to challenge the order because ‘ ‘ the phone was actually being maintained and used for the defendant’s benefit ” (see, also, McDonald v. United States, 335 U. S. 451, and United States v. Jeffers, 342 U. S. 48).
The critical distinction is that in none of these cases was the constitutionality of a statute like section 813-a assailed. In this regard the rule pronounced by Justice Clark to the effect that anyone indisputably affected by an unconstitutional statute has the standing to attack it is far different from the cases cited above.
Here, appellant is ‘ ‘ indisputably affected ’ ’ by the statute for, pursuant to its authority, orders were made which resulted ultimately in the production of witnesses against him, not otherwise discoverable, and upon whose testimony he stands convicted of a felony and has been sentenced to prison. Without the statute, there would have been no legal orders; without the orders, no legal bugging; and without the bugging, none of these witnesses. Since in Berger the very statute has been declared unconstitutional, the identical eavesdrop orders declared void and the evidence obtained thereunder ruled inadmissible, they cannot be of service to the People against appellant Morhouse. Justice Stewart’s concurring opinion and the dissenting Justices’ opinions in Berger make plain that the question of standing was extensively argued and fully considered by that court. We cannot treat the words of Justice Clark as meaningless or having been lightly used. Morhouse has at least the same standing as Berger to assail the statute and the orders which produced the illegal evidence against them.
It is urged that the rule of Berger shall be applied only prospectively, that is, that only defendants whose trials are held after the date of the Berger decision may challenge evidence acquired under orders based on section 813-a of the Code of Criminal Procedure. Johnson v. New Jersey (384 U. S. 719) is advanced to support this view. Johnson stands for the proposition that the rule of law pronounced in Miranda (384 U. S. 436) and Escobedo (378 U. S. 478) which treat the Fifth *85 Amendment protections arising out of confessions given during custodial interrogations need not be applied retroactively by the States if they choose not to do so.
However, the case before us is not concerned with the Fifth Amendment rights involved in Miranda or Escobedo. Here, only the violation of the search and seizure provisions of the Fourth Amendment are at issue. Mapp v. Ohio (367 U. S. 643), which declared that evidence obtained through an illegal search and seizure was not admissible in a State court criminal prosecution, is the key to a determination of retroactivity in this case. Linkletter v. Walker (381 U. S. 618) holds that, as to cases where the normal appellate process was exhausted prior to the Mapp decision, Mapp would not be applied retroactively. Nevertheless, Linkletter specifically notes that it is not disturbing the previous holdings of the court that, where cases were still pending on appeal and the record had been protected by proper objection, Mapp would be retroactively applied. Subsequently, Johnson observed (384 U. S. 719, 728, supra) that retroactivity must necessarily be considered “ ‘ in each case ’, by looking to the peculiar traits of the specific ‘ rule in question. ’ ”
Our court has consistently applied the rule of retroactivity in Mapp situations to cases still in the normal appellate process (see People v. O’Neill, 11 N Y 2d 148; People v. Loria, 10 N Y 2d 368). The case before us does not seek a postconviction remedy; it is a direct appeal from the judgment of conviction in a case where, from the beginning, the record has been protected.
I do not read People v. McQueen (18 N Y 2d 337), dealing with Miranda situations, as overruling People v. Loria for all purposes. McQueen merely made the State practice with respect to Miranda situations consonant with the Federal rule in Johnson; it simply indicated that the principles stated in Loria— relating to search and seizure cases—were not to be invoked in Miranda-type cases and applied to render inadmissible confessions given in cases tried before Miranda was decided.
The decisions recognize the unequal-handed justice which results when retroactivity is denied but they justify this on the ground that to do otherwise would awaken an insurmountable mass of litigation and would unsettle a vast amount of police work already completed under the previously existing law. *86 However, that reason is not applicable in the Morhouse-Berger situation for here the very same bugging tapes are involved in both cases. This is a distinguishing feature from all other cases that may involve consideration of retroactivity of the Berger rule. To make a different rule for Morhouse than was made for Berger on the identical tapes is unnecessary; to do so would work a fundamental unfairness to Morhouse and would deny him the equal protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution.
I concur in Chief Judge Fuld’s opinion insofar as it relates to his ‘ ‘ further ground for reversal ’ ’.
I would reverse and remand for a new trial.
Judges Van Voorhis, Scileppi and Jasen* concur with Judge Burke; Chief Judge Fuld and Judges Bergan and Christ* dissent and vote to reverse and order a new trial in separate opinions.
Judgment modified and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein, and, as so modified, affirmed.

 Designated pursuant to section 2 of article VI of the State Constitution in place of Judges Keating and Breitel, disqualified.